UNITED STATERS DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\----------------------------------------------------------------x

JENNISON NUNEZ,

                      Plaintiff,

            -against-

THE CITY OF NEW YORK; POLICE OFFICER
ANTHONY TOLBA, individually and in his
official capacity; and JOHN DOE (an as yet
unidentified member of the Police Department
of the City of New York),

                    Defendants.

\----------------------------------------------------------------x

**COMPLAINT**

Index No. 24-CV-3856

**Jury Trial Demanded**

Plaintiff Jennison Nunez, by and through his attorney, Robert T. Perry, alleges upon knowledge, information and/or belief as follows:

## PRELIMINARY STATEMENT

1.　　Mr. Nunez brings this action under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. He also asserts supplemental claims under New York law.

2.　　At about 11:45 a.m. on March 3, 2023, as Mr. Nunez waited for an Uber ride to take him home, two police officers came up to him, handcuffed him, put him in a police car, and took him to the 90th Precinct, where he was held for about three hours. At about 3:00 a.m., Mr. Nunez was released with two summonses charging him with trespass at addresses a mile or so walking distance from where the officers had taken him into custody -- addresses that Mr. Nunez had never visited, let alone on March 3, 2023. The summonses were later dismissed by a judge for facial insufficiency. There was no probable cause to arrest Mr. Nunez on March 3, 2023.

3.     Mr. Nunez asserts false arrest and failure to intervene claims under 42 U.S.C. §
1983, and other claims under New York law.  He seeks compensatory and punitive damages.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over Mr. Nunez's federal law claims
under 28 U.S.C. §§ 1331 and 1343.

5.     This court has supplemental jurisdiction over Mr. Nunez's state law claims under
28 U.S.C. § 1367.

6.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial
part of the events giving rise to Mr. Nunez's claims occurred in the district.

## JURY DEMAND

7.     Mr. Nunez demands a trial by jury on each and every claim for which a jury trial is
available under Fed. R. Civ. P. 38(b).

## PARTIES

8.     Plaintiff JENNISON NUNEZ is a 49-year-old African American who resides in
Kings County in the City and State of New York with his wife, his 34-year-old son and his 16-
year-old daughter.

9.     Defendant THE CITY OF NEW YORK ("the City") is, and was at all relevant
times, a municipal corporation duly organized and existing under the laws of the State of New
York.  The City operates the Police Department of the City of New York ("NYPD"), which acts
as the City's law enforcement agent and for which the City is ultimately responsible.  The City
assumes the risks incidental to the maintenance of a police force and the employment of police
officers, as said risks attach to the public consumers of the services provided by the NYPD.

10.     Defendant ANTHONY TOLBA (Shield No. 17642) is, and was at all relevant times, a duly appointed agent, employee, officer and servant of the NYPD. At all relevant times, defendant Tolba was a police officer assigned to the 90th Precinct in Brooklyn. Defendant Tolba is being sued in his individual and official capacities.

11.     Defendant "JOHN DOE" is, and was at all relevant times, a duly appointed agent, employee, officer, and servant of the NYPD. At all relevant times, defendant Doe was a police officer assigned to the 90th Precinct in Brooklyn. Defendant Doe is being sued in his individual and official capacity.

12.     At all relevant times, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers and servants of the NYPD.

13.     At all relevant times, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect Mr. Nunez from the unlawful actions of the other individual defendant but each individual defendant failed and refused to perform such duty, thereby proximately causing Mr. Nunez's injuries.

## NOTICE OF CLAIM

14.     On April 25, 2023, Mr. Nunez, through his attorney, served a notice of claim on the City of New York. Claim No. 2023PI013775.

15.     A hearing was held on Mr. Nunez's claim under New York General Municipal Law § 50-h on January 31, 2024.

3

16.     To date, more than 30 days since the filing of Mr. Nunez's notice of claim, there has been no adjustment and payment on the claim.

17.     This action has been commenced within one year and 90 days after Mr. Nunez's state law claims arose.

## STATEMENT OF FACTS

18.     On Saturday evening, March 4, 2023, Mr. Nunez and two friends celebrated his best friend's birthday at several lounges in Brooklyn and Lower Manhattan.

19.     Sometime after 11:00 p.m., Mr. Nunez took an Uber alone back to Brooklyn, intending to stop at Peter Luger Steak House at 178 Broadway to buy food to take home.

20.     When Mr. Nunez arrived at Peter Lugar Steak House, the restaurant was closed.

21.     Mr. Nunez called for an Uber to take him home.

22.     As Mr. Nunez walked towards the Uber driver, in the vicinity of 218 Broadway, defendants Tolba and Doe stopped Mr. Nunez and asked him for identification.

23.     When Mr. Nunez asked why he was being stopped, defendant Tolba simply said that Mr. Nunez fit the description of a suspect without elaboration.

24.     Defendants Tolba and Doe handcuffed Mr. Nunez, put him in a police car, and took him to the 90th Precinct stationhouse at 211 Union Avenue in Brooklyn.

25.     There was no probable cause to arrest Mr. Nunez, as he had committed no crime or offense.

26.     Mr. Nunez spent three hours in a holding cell.

27.     At about 3:00 a.m., Mr. Nunez was released with two summonses, both written up by defendant Tolba.

28.     One summons charged Mr. Nunez with trespass at 204 Penn Street in Brooklyn,

and the other summons charged him with trespass at 222 Penn Street in Brooklyn.

29.     Mr. Nunez had never been to either address, let alone there on March 4, 2023.

30.     The addresses where defendant Tolba wrote that Mr. Nunez trespassed were about

one mile walking distance from where defendant Tolba arrested Mr. Nunez.

31.     Mr. Nunez took an Uber home from the 90th Precinct.

32.     On March 23, 2023, in the Summons Arraignment Part 2 of the Criminal Court of

the City of New York, the presiding judge dismissed both summonses for facial insufficiency.

33.     Mr. Nunez took a personal day off from work to attend the arraignment to defend

himself against the false charges.

34.     As a result of the foregoing, Mr. Nunez suffered deprivation of liberty, loss of

income, emotional distress, mental anguish, shock, fright, apprehension, embarrassment,

humiliation and violation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**False Arrest Claim Under 42 U.S.C. § 1983**
**(Against Defendants Tolba and Doe)**

35.     Mr. Nunez realleges and incorporates by reference the allegations set forth in the

foregoing paragraphs as if fully set forth herein.

36.     Defendants Tolba and Doe, acting in concert and within the scope of their

authority, caused Mr. Nunez to be arrested without probable cause to believe that he had

committed any crime or offense, in violation of Mr. Nunez's right to be free from unreasonable

seizure under the Fourth Amendment to the United States Constitution.

### SECOND CLAIM FOR RELIEF
**Failure to Intervene Claim Under 42 U.S.C. § 1983**
**(Against Defendants Tolba and Doe)**

37.     Mr. Tolba realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

38.     Defendants Tolba and Doe each had an affirmative duty to intervene on behalf of Mr. Nunez, whose constitutional rights were being violated in that defendant's presence by the other defendant, but failed to intervene to prevent the unlawful conduct, despite having a realistic opportunity to do so, in violation of Mr. Nunez's right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution.

### THIRD CLAIM FOR RELIEF
**False Arrest Under New York Law**
**(Against All Defendants)**

39.     Mr. Nunez realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

40.     Mr. Nunez was arrested without probable cause to believe that he had committed any crime or offense, in violation of New York law.

### FOURTH CLAIM FOR RELIEF
**Respondeat Superior Liability Under New York Law**
**(Against Defendant City)**

41.     Mr. Nunez realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42.     Defendant City is vicariously liable for the acts of defendants Tolba and Doe, who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## FIFTH CLAIM FOR RELIEF
### Negligent Screening, Hiring and Retention Under New York Law
### (Against Defendant City)

43.    Mr. Nunez realleges and incorporates by reference the allegations set forth in the

foregoing paragraphs as if fully set forth herein.

44.    Defendant City failed to use reasonable care in the screening, hiring and retention

of the NYPD employees who participated in the above unlawful conduct.

## SIXTH CLAIM FOR RELIEF
### Negligent Training and Supervision Under New York Law
### (Against Defendant City)

45.    Mr. Nunez realleges and incorporates by reference the allegations set forth in the

foregoing paragraphs as if fully set forth herein.

46.    Defendant City failed to use reasonable care in the training and supervision of the

NYPD employees who participated in the above unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Nunez demands the following relief against the defendants, jointly and severally:

    (a)    compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

    (b)    punitive damages against the individual defendants;

    (c)    reasonable attorneys' fees and costs of this litigation; and

    (d)    such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
May 29, 2024

Respectfully submitted,

Robert T. Perry
rtperry32@gmail.com
509 12th Street, Suite 2C
Brooklyn, New York 11215
(347) 415-5272
*Attorney for Plaintiff*

8